# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 24-1407
Filed January 7, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**Terry Vincent Kremer,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Jackson County,
The Honorable Stuart P. Werling, Judge.

―――――――――

**APPEAL DISMISSED**

―――――――――

Christopher A. Clausen of Clausen Law Office, Ames, attorney for
appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Terry Vincent Kremer appeals his convictions for assault and false imprisonment after entering into a plea agreement. The sentencing court sentenced Kremer to the exact terms contained in his plea agreement. Because Kremer has failed to show good cause, we dismiss his appeal.

## STATEMENT OF FACTS & PROCEDURAL POSTURE.

In June 2024 Terry Vincent Kremer faced charges of assault while using or displaying a dangerous weapon and false imprisonment. After plea negotiations, the parties reached a plea agreement under which Kremer admitted guilt to simple assault—a lesser-included offense of the original assault charge—and to false imprisonment.

In his written plea, Kremer acknowledged engaging in conduct that caused the victim to fear for her safety and admitted restricting her ability to leave the residence. He agreed that the minutes of testimony were accurate to the extent necessary to establish a factual basis. The district court accepted the written plea after determining it was knowing, voluntary, and supported by the record.

At sentencing, the court adopted the parties' jointly recommended disposition. On the simple assault conviction, the court imposed a twenty-one-day jail sentence, crediting Kremer for his twenty-one days already served. On the false-imprisonment conviction, the court imposed 120 days in jail, suspending ninety-nine days, and ordered the remaining term to run concurrently with the assault sentence. The court also ordered fines, surcharges, and one year of unsupervised probation.

A component of probation required Kremer to complete a substance-abuse evaluation within thirty days of sentencing and to comply with any

treatment recommendations. The sentencing order further explained that Kremer could request a reasonable-ability-to-pay determination as to category "B" restitution by filing a financial affidavit and written request within thirty days. At the time of sentencing, Kremer was in federal custody on unrelated matters.

Following his sentencing, Kremer—still represented by counsel—submitted a pro se request asking the court to modify the probationary requirement relating to the substance-use evaluation, asserting he could not comply while in federal custody. He also asked the court to consider a previously submitted financial affidavit regarding restitution. The district court denied the motion, concluding the sentence already imposed was appropriate and should stand.

Kremer subsequently filed additional pro se correspondence and ultimately sought appellate review. During this period, he filed the financial affidavit required to trigger a reasonable-ability-to-pay determination. The district court thereafter considered the affidavit and found that Kremer lacked the reasonable ability to pay the full amount of category "B" restitution.

On appeal, Kremer contends that the district court abused its discretion by issuing the sentence agreed upon by the parties. In his view, the court's decision to require that he file proof of a substance-use evaluation within thirty days of sentencing is an abuse of discretion because he cannot satisfy that requirement while "in the custody of the United States Marshal's Service." And, although the court ended up not ordering any category "B" restitution, he challenges the category "B" restitution imposed at sentencing as either an abuse of discretion or the result of ineffective assistance of

counsel as he was not provided the forms to request a reasonable-ability-to-pay determination.

## DISCUSSION.

Kremer challenges two aspects of his sentence: the requirement that he file proof of a substance-abuse evaluation within thirty days, and the category-"B"-restitution process. But neither claim establishes a statutory basis for appellate review.

Kremer was convicted of a simple misdemeanor assault, and Iowa Code section 814.6(1)(a)(1) (2024) provides no appeal as of right in such cases. His only available avenue was discretionary review under section 814.6(2)(d). Although his notice of appeal could be treated as an application for discretionary review, he raises no issue warranting the exercise of that "extraordinary" remedy. *See State v. Walker*, No. 23-0021, 2023 WL 8801627, at *2 (Iowa Ct. App. Dec. 20, 2023). Additionally, his restitution complaint is moot because the district court later considered his financial affidavit and found he lacked the ability to pay.[1]

To the extent Kremer argues that his false imprisonment conviction was not a simple misdemeanor and Iowa Code section 814.6(1)(a)(1) is therefore inapplicable, we find that no good cause exists because he pled guilty and received the sentence to which he agreed. Iowa Code § 814.6(1)(a)(3); *see, e.g.*, *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020)

---

[1] His restitution argument also fails for want of an additional jurisdictional hook. The order at sentencing was not a permanent restitution order; any later restitution determination had to be challenged under section 910.7, and review of such rulings is by certiorari—not appeal. Even if his appeal was treated as a certiorari petition, Kremer identifies no illegal act by the district court, and the issue is moot in any event.

("We hold that the good-cause requirement is satisfied . . . when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain."); *State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *2 (Iowa Ct. App. Nov. 2, 2022) (dismissing appeal challenging agreed-upon sentence as the defendant "has no remedy because she got what she bargained for and she has not established good cause to appeal"); *State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (dismissing appeal for lack of good cause due to the sentence imposed being that agreed to by the parties); *State v. Major*, No. 19-2055, 2021 WL 3662311, at *1 (Iowa Ct. App. Aug. 18, 2021) (dismissing appeal when challenged sentence is mandatory).

And insofar his notice of appeal concerns the denial of his motion to amend or correct his sentence, "[t]here is no appeal as a matter of right from the denial of a motion to correct illegal sentence." *Noble v. Iowa Dist. Ct.*, 919 N.W.2d 625, 627 (Iowa Ct. App. 2018). Only discretionary review or certiorari is available, and neither is justified.

Accordingly, Kremer's appeal must be dismissed for lack of good cause.

**APPEAL DISMISSED.**